IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MYNTORA AGUILAR, MICHELLE HESTER, & NICHOLAS SCHINDLER, Homeless Individuals On Hunnell & Clausen Roads City of Bend, OR on Behalf of Themselves & Other Homeless Individuals on Hunnell & Clausen Roads; ERIC GARRITY; Bend Equity Project; | Civ. No. 6:23-cv-01064-AA<br><br>**OPINION & ORDER** |
| Plaintiffs, | |
| v. | |
| ERIC KING, City Manager, City of Bend; MELANIE KEBLER, Mayor, City of Bend; MEGAN PERKINS, Mayor *Pro Tem,* ANTHONY BROADMAN, BARB CAMPBELL, ARIEL MENDEZ, MEGAN NORRIS, and MIKE RILEY, City Councilors, City of Bend; | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on Plaintiffs' Complaint and application for Temporary Restraining Order, ECF No. 1, filed by *pro se* Plaintiffs Myntora Aguilar; Michelle Hester; Nicholas Schindler; Homeless Individuals on Hunnell & Clausen Roads on Behalf of Themselves & Other Homeless Individuals; Eric Garrity; and

Bend Equity Project. Plaintiffs name as Defendants the City Manager and all seven members of the City Council, but not the City of Bend ("City of Bend" or "the city").

## BACKGROUND

Plaintiffs allege that Aguilar, Hester, and Schindler are three disabled homeless individuals "who are being displaced, along with 19 other disabled persons," camping in an area of the City of Bend at Hunnell & Clausen Roads. Compl. at 2. Plaintiff Garrity is a service provider with Bend Equity Group, a community organization that has been assisting the homeless on Hunnell & Clausen with meals and other services.

Plaintiffs allege that on June 20, 2023, an agent of the city provided 28 days' notice that their encampments at Hunnell & Clausen would be closed, and that the agent posted a written notice on every tent or trailer at the camp. *Id*. On July 12, 2023, Plaintiffs filed suit in Deschutes County Circuit Court seeking an emergency hearing and temporary injunction, and on July 13, 2023, Plaintiffs requested reasonable accommodation under the city's camping code and Title II of the Americans with Disabilities Act ("the ADA"). *See Aguilar v. King*, Case No. 23-cv-27630.

In the Deschutes County action, Plaintiffs' alleged grounds for a TRO was their fear that the city would ignore the interactive process of review required by the ADA and proceed to clean up the street without providing reasonable accommodations. However, the city reviewed the application for reasonable accommodation, and provided an additional seven days before the encampment would be cleaned out.

The court issued its ruling from the bench, instructing Defendants to prepare an order and judgment accordingly. In its ruling, the court found that the city had a duty to manage its streets, and that the city had authority to implement regulations governing the time, place and manner that individuals may camp or otherwise reside on city streets. *See* Winters Decl., Ex. 4 (proposed order pursuant to court ruling); see also Compl. ¶ 14-16 (Plaintiffs summarizing court ruling).

The court also found that the city's Camping Code and its implementing policy applied to Hunnell & Clausen and determined that the city had given proper notice under its code and policies that it had followed its code and policies. As to Plaintiffs' ADA claim, the court determined that the city had met its obligations to engage as required in an interactive process of review for reasonable accommodation requests, and by giving the Plaintiffs Aguilar, Hester, and Schindler, and all other individuals who had requested accommodations under the ADA, an extra seven days—until July 25, 2023—to remain at the site before they would be required to leave. Winters Decl., Ex. 4  Defendants assert, and Plaintiffs do not dispute, that Plaintiffs have not taken any steps to challenge the Deschutes County Circuit Court order. *See* Defs.' Resp. at 4.

Now, Plaintiffs ask the Court to immediately issue a TRO enjoining Defendants from clearing the camp—nearly identical relief as they did in state court. Plaintiffs assert a claim under the Fourteenth Amendment, maintaining that the city will clear the camp "pursuant to the Deschutes County court's [order]," and violate their Due Process right to appeal the appropriateness of the 7-day accommodation.

Plaintiffs also claim that Defendants will violate Plaintiffs' rights under the Fourth Amendment, based on the seizure and destruction of property left at the site, and under the Eighth Amendment because Plaintiffs will be arrested if they refuse to leave the site.

## LEGAL STANDARD

"In deciding whether to grant a motion for a temporary restraining order ('TRO'), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension LLC v. Kassakian*, 156 F. Supp.3d 1219, 1222 (D. Or. 2016). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless,

the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

## DISCUSSION

Before turning to the legal analysis of Plaintiffs' claims according to the standard set forth above, the Court finds that some parties are not properly before the Court. Plaintiffs are all self-represented. Bend Equity Project is not an individual, but a non-profit organization. "It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (internal quotation marks and citation omitted). This is reflected in the Local Rules of this District. *See* LR 83-9(b) ("Unless otherwise specifically provided by law or Court order, a corporation may appear or act only through an attorney."). Accordingly, Bend Equity Project is not a party properly before the Court.

Next, Plaintiffs, being *pro se*, can only represent themselves, not others. The Ninth Circuit has routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). As such, "Other Homeless Individuals" are not properly before the Court. Plaintiff Garrity is also not properly before the Court, as Plaintiffs allege that Garrity is appearing as a representative of Bend Equity Project. To the extent that Plaintiff Garrity is appearing *pro se* on behalf of himself, the Court finds that he does not have standing to bring any claim alleged

in this case. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (setting forth requirements for standing).

I.  **Success on the Merits**

In their Complaint, ECF No. 1, Plaintiffs ask the Court to issue the same extraordinary relief the state court already considered and denied: to enjoin Defendants from enforcing the temporary closure and clearing of Hunnell & Clausen. *Cf*. Winters Decl., ¶ 2, Prayer for Relief *with* Compl. at 12-13, Prayer for Relief.

Defendants contend that Plaintiffs' federal lawsuit amounts to a *de facto* appeal of unfavorable rulings by the Deschutes County Circuit Court and that it therefore runs afoul of the *Rooker-Feldman* doctrine.[1]

Pursuant to the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to hear cases that amount to collateral attacks on state court judgments. The basic premise of the doctrine is that "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Instead, the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts. *Id.*

The scope of the *Rooker-Feldman* doctrine includes *de facto* appeals from a state court decision and "any issues raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158. A claim is inextricably intertwined with a state court judgment if the federal claim can succeed only to the extent that the state court wrongly decided the issues

---

[1] The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling. *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001) (citation omitted).

"*Rooker-Feldman* bars a suit from going forward if: (1) the plaintiff in the federal suit lost in the state court proceeding; (2) the state court determination is at the core of the federal lawsuit; (3) the federal lawsuit seeks review and rejection of the state court verdict; and (4) the state court judgment was entered before commencement of the federal action." *Bunnell v. Brown*, Case No. 3:17-cv-1786-SI, 2018 WL 3040893, at *3 (D. Or. June 19, 2019) (citing *McKithen v. Brown*, 481 F.3d 89, 97 (2nd Cir. 2007)). A dismissal under this doctrine is generally without prejudice, although one form which the plaintiff will not be able to replead in this Court. *See White v. Dobrescu*, 651 Fed. App'x 701, 703 (9th Cir. 2016) ("Because we affirm the dismissal on the basis of the *Rooker-Feldman* doctrine, we treat the dismissal as one without prejudice."); *see also Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissal for lack of subject matter jurisdiction should be without prejudice).

First, Plaintiffs assert the same claims and seek the same relief that was already denied a week ago in Deschutes County Circuit Court—a decision unfavorable to Plaintiffs.

Second, the state court's determination is at the core of this lawsuit. The crux of the Complaint is that Defendants are allegedly violating Plaintiffs' rights "pursuant to the Deschutes County court's [order]." Winters Decl. ¶ 2, Compl. ¶ 18;

*see also id.* ¶¶ 5, 9, 11–16 (alleging in detail the process and decision in the state court, including the rationale for the state court's conclusion that the city "had a right, even an obligation, to regulate its own streets.").

Third, Plaintiffs' suit effectively asks the Court to remedy what they allege was error on the part of the state court and enjoin Defendants from enforcing the temporary closure and clearing of Hunnell & Clausen. *Cf.* Winters Decl., ¶ 2, Prayer for Relief with Compl. at 12-13, Prayer for Relief. For example, Plaintiffs assert that they argued to the state court that seven days was an insufficient accommodation under the ADA. Compl. ¶ 13. Plaintiffs contend that the state court denied the TRO, finding that the city had engaged in the proper review process and that the seven-day extension was sufficient. Compl. ¶¶ 14-16. Plaintiffs, now dissatisfied with the state court's ruling, ask this court to rule differently and grant the request for a TRO. Doing so is inextricably linked with the state court proceedings and a *de facto* review.

Fourth, the Deschutes County Circuit Court's ruling was final before Plaintiffs filed this federal action. The Court notes that a final judgment has not formally been entered due to the procedural requirements the state court follows. *See* Oregon Uniform Trial Court Rule 5.100(1)(c) (requiring the city to wait seven days before submitting the proposed order and judgment to Deschutes County Circuit Court for signature). Here, Plaintiffs assert, and Defendants agree that the state court's order from the bench was a final decision denying its request for a TRO.

...

Accordingly, the relief requested in the federal action would, in effect, reverse the state court decision or void its ruling. *Doe & Assocs. Law Offices,* 252 F.3d at 1029-30. The *Rooker-Feldman* doctrine bars such a suit from going forward.

Because the Court is barred from considering the merits of Plaintiffs' claims, there can be no "likely success on the merits," a requirement necessary to succeed on a motion for TRO. *Winter,* 555 U.S. at 20. Even if the *Rooker-Feldman* doctrine did not bar the suit, the Court has reviewed the filings, exhibits, declarations, and legal authority and concludes that Plaintiffs could not meet their burden to demonstrate a likelihood of success on the merits of their claims.

## II.   Irreparable Harm

Plaintiffs allege that they will suffer irreparable harm if the city continues its clean up as planned on July 25, 2023. However, Defendants have provided evidence that the city's Camping Code does not ban camping in the city. The record shows that the Camping Code allows people to use many of the city's public rights-of-way to camp for up to 24 hours in one location. The code allows people to use vehicles for shelter for up to three business days in one location almost everywhere in the city, essentially treating vehicles used for shelter the same as any other vehicles that are parked by allowing them to be in one location for the same period of time.

Contrary to Plaintiffs' allegation that they will be arrested for failing to leave the encampment, the city's Camping Code does not contain any criminal penalties, does not subject violators to the possibility of jail time, and applies to everyone equally, regardless of whether they do or do not have access to shelter. Plaintiffs are

thus entitled to camp elsewhere in the city without fear of penalty, and Defendants maintain that Plaintiffs could even return to Hunnell & Clausen following the closure. Accordingly, Plaintiffs will not suffer irreparable harm if the temporary restraining order is denied. *See Martin v. Boise*, 920 F.3d 584 (9th Cir. 2019).

### III.    Balance of Hardships and Public Interest

Defendants maintain that Hunnell & Clausen Roads have had restricted access by members for the public for over three years. Plaintiffs' allegations are in accord. Defendant contends that the city undertook almost six months of public process in 2022 to enact a reasonable Camping Code, delayed application of the code for over three months, and provided individuals residing on Hunnell & Clausen an additional four months following the code's effective date to remove themselves from the area. The hardship on the city and its residents is not outweighed by the requirement that Plaintiffs camp in another location while the street is closed to be cleaned. It is in the public interest to regulate public streets in a way that could allow all to use the roads, including Plaintiffs according to the Camping Code, and the public for passage. Accordingly, Plaintiffs have not satisfied the factors, identified in *Winter*, necessary to succeed on a motion for TRO.

### CONCLUSION

The Court has reviewed the filings in this case, including the exhibits and declarations, and concludes that Plaintiffs have not carried their burden and have failed to make the showing necessary to support the extraordinary and drastic remedy of a TRO. The Court also finds that it does not have subject matter jurisdiction over the action, as it is barred under the *Rooker-Feldman* doctrine.

Accordingly, Plaintiffs' Complaint, ECF No. 1, is DISMISSED without prejudice and Plaintiffs' request for a Temporary Restraining Order is DENIED.

It is so ORDERED and DATED this ___26th___ day of July 2023.

    /s/Ann Aiken
ANN AIKEN
UNITED STATES DISTRICT JUDGE

Page 11 –OPINION & ORDER